## Seymour F. Norton
### v.
## John Allen.

Appeal cases—Appearance.—In appeal cases the leaving with the clerk of the circuit court a trial notice, which is neither filed nor placed among the papers does not constitute an appearance within the meaning of the provisions of Sec. 68 of the act concerning justices and constables.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed March 27, 1883.

Mr. James Springer, for appellant; cited R. S. Ch. 79, § 68.

The effect of the declaration of bankruptcy is, of itself, an *injunction* against the further prosecution of any suit or other proceedings to enforce payment of a demand provable under the bankruptcy proceedings: Penny v. Taylor, 10 Bankruptcy Reg. 200; Bump on Bankruptcy, pp. 181–2; R. S. of U. S. § 5006.

As to jurisdiction: McVey v. Huott, 11 Bradwell, 203.

Mr. John M. Gartside, for appellee; cited R. S. Ch. 79, § 65.

Wilson, J. The only question necessary to be determined on the present record, is whether in appeal cases the leaving with the clerk of the circuit court a trial notice, which is neither filed nor placed among the papers, constitutes an appearance within the meaning of the provisions of section 68 of the act concerning justices and constables. That section provides: "In case the appeal from the justice of the peace is perfected by filing the papers and transcript of judgment, ten days before the commencement of the term of the court, to which the appeal is taken, the appearance of the appellee may be entered in writing, and filed among the papers in the case; and if so entered ten days before the first

day of the term of court, the case shall stand for trial at that term."

Appellee obtained a judgment against appellant before a justice of the peace, from which judgment appellant perfected an appeal to the circuit court, by filing a bond with the clerk as required by the statute.    No appeal summons was ever issued, nor was an appearance entered in writing by appellee ten days before the first day of the term at which the case was tried, unless the leaving with the clerk a trial notice, which was not filed nor placed among the papers in the case, constitutes such appearance.    We are of opinion that it does not.

Without determining what step in a case would be deemed an appearance, or whether a trial notice if left with the clerk and by him placed among the papers in the case without file marks would be tantamount to an appearance, we think it clear that the mere leaving a trial notice, with the clerk who neither marks it filed, nor places it among the papers in the case, is not a compliance with the requirements of the statute. The case falls directly within McVey v. Huott, 11 Bradwell, 203.    We there said: "It will be observed that not only must the appearance of the appellee be entered in writing, but the paper by which such entry of appearance is made, must be filed with the papers in the case.    The design of these provisions is quite obvious.    It is not merely to bring the appellee within the jurisdiction of the court by a voluntary appearance, but also to place the evidences of such appearance on file, where it will be seen and known by the other party, so that he for at least ten days before the term, may have notice of the fact that the cause is in a condition to be forced to trial. In this case the trial notice was neither filed nor placed among the papers in the case, ten days before the term.    Whatever may have been its effect in bringing the appellee within the jurisdiction of the court, it was not placed where appellant was bound to look for it, or where it served to give him notice that the appellee was in court.    Thus one of the essential requirements of the statute was not met."

A trial having been had in the absence of appellant, and he

having had no notice that such trial would be demanded, and no opportunity to defend, was deprived of his day in court. In his application to have the judgment set aside and a new trial granted, he showed that he had a meritorious defense to the plaintiff's entire demand.

The court erred in refusing appellant a new trial, and for such error the judgment is reversed, and the cause remanded.

Reversed and remanded.